62 N.J. Super. 492 (1960)
163 A.2d 212
CHARLES G. SCHWARZE, PLAINTIFF,
v.
JUNE SCHWARZE, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided July 11, 1960.
Mr. Carl Weitz, attorney for plaintiff.
Mr. Abe D. Levenson, attorney for defendant.
*493 NIMMO, J.S.C.
These parties were married on June 22, 1947. No children were born of the marriage.
On November 19, 1952 the defendant June Schwarze filed a complaint for separate maintenance charging that her husband did not set up a home of their own but compelled her to live at the home of his mother. The parties separated on May 17, 1951, and the husband did not support his wife until October 6, 1953 when final judgment was entered upon proofs taken in open court and it was determined that inasmuch as the husband abandoned his wife without justifiable cause and failed to provide and maintain her, support was awarded her of $15 a week commencing September 29, 1953.
On June 6, 1958 Charles G. Schwarze filed suit for divorce on the ground of desertion. The matter came on for trial and was contested by June Schwarze, his wife. It might be noted that there could be some question as to the effort the husband made to have his wife return to him to sustain a divorce for desertion. However, during the noon recess of the court the wife told her attorney she would like to return to her husband if he would give her a home to live in. Through his attorney it was agreed that he would try to find a place for them to live. On September 25, 1959, both parties consenting, a judgment was entered dismissing the divorce action for desertion.
On January 26, 1960 Charles G. Schwarze moved to vacate the final judgment for separate maintenance entered October 6, 1953, and it is this motion that we are here considering. Upon application made, testimony was taken. Both parties testified.
Charles Schwarze testified he looked for living quarters when his divorce suit was dismissed. He rented rooms behind a store and wanted his wife to give up her employment and an automobile she owned. There was no hot water in the rooms and his wife would be obliged to go to her mother's to bathe. He bought new and second-hand furniture to furnish the place. He and a friend of his did *494 paint and decorate the rooms which show up well in the color photographs he put into evidence. He is a police officer and has a salary of $144 paid every two weeks. He gave her $15 a week to buy food. She put up a Christmas tree but he gave her no Christmas present, although she gave him a sweater which he refused. He admitted the bed fell down one night and he had to fix it. He was not home on Thanksgiving Day and they did not celebrate New Year's in any way. He admitted that he never took his wife to a restaurant or a theatre and never bought her any clothes. He admitted he wrote things down about their comings and goings as he does in the police department, and further admitted he got the apartment to show the court he was sincere.
The wife impressed the court as a gentle woman who has been supporting herself since at least 1953.
The husband made a brave effort "to convince the court he was sincere," but he rented the rooms back of a store no doubt on advice of counsel. However, renting rooms, standing alone as in this case, does not convince anyone of a sincere effort to live as man and wife. To be sure, people do have to have a roof over their heads, but a house is not a home. There must be more than a shelter from the weather.
In the opinion of this court this husband does not want to live with his wife, and that dates back to 1953 when she got a judgment of separate maintenance. This recent renting of rooms without hot water, or any plan to have it; his failure to observe those little niceties a sincere husband shows his wife, especially on holidays, and particularly on Christmas when, after she put up a tree and gave him a sweater, he refused it and he gave her nothing, in the opinion of the court shows that the rooms were rented not as a marital home but to "convince the court he was sincere."
A matrimonial action is not a game of checkers or chess. A reconciliation must be a full and complete merging of inner feelings, not just the outward show of renting rooms. *495 All this man's admissions and actions indicate that his inner feeling toward his wife had not changed since 1953, and the device of renting rooms avails nothing. This court finds that there was no reconciliation of these parties as contended by the husband. He wants to be relieved of the $15 a week judgment entered in 1953. In matrimonial actions we deal with human beings with feelings, and a man to win a wife or hold her must woo her. A wife is not a chattel that can be placed in rooms as you would a piece of furniture, and then call the rooms a marital home.
In view of the foregoing the motion to vacate the judgment of October 6, 1953 is denied.